IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ALEX MOORE,                          )
                                     )
            Plaintiff,               )
                                     )
vs.                                  )   Case No. CIV-16-940-R
                                     )
SCOTT JAY, Beckham County            )
Sheriff; and                         )
JENIFER SHEFFIELD,                   )
Supervising Correctional Cook,       )
Beckham County Jail,                 )
                                     )
            Defendants.              )

# REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, filed a petition in the Beckham County District Court alleging Defendants violated his First Amendment right to receive a religious diet, and Defendants removed the action to this Court. Doc. 1.[1] United States District Judge David L. Russell then referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Defendants filed a motion to dismiss, Doc. 5, Plaintiff responded, Doc. 8,[2] Defendants replied, Doc. 9, and Plaintiff

---

[1] Plaintiff did not file a notice of pending motions per this Court's local rules, and any motion pending in the state court before the removal is "considered withdrawn." LCvR81.2(b).

[2] *See* Doc. 15 (construing Plaintiff's "Motion for Summary of Judgement," Doc. 8, as a response to Defendants' motion to dismiss).

sur-replied, Doc. 12. After thorough review, the undersigned recommends the court deny Defendants' motion to dismiss.

## I. Plaintiff's claims.

Plaintiff alleges he arrived at the Beckham County Jail on January 3, 2016, and, although he requested a "Halal" diet, agreed to receive a kosher diet. Doc. 1, Att. 2, at 2.[3] Plaintiff states he ate the provided meals on January 4th-10th, but an unidentified custody officer then informed him the food was "in fact not Kosher." *Id.*, Att. 2, at 3. Plaintiff then refused his food from January 11th-14th rather than eat a non-religious diet. *Id.*[4]

According to Plaintiff, Defendant Sheffield, the Beckham County Jail Supervising Correctional Cook, provided the non-kosher meals but labeled them kosher. *Id.*, Att. 2, at 3-4. Plaintiff alleges he complained to Defendant Jay, the Beckham County Sheriff, but was told "we do not serve Muslim food." *Id.*, Att. 2, at 3. Plaintiff sues both parties in their individual capacities. Doc. 8, at 2.

## II. Standard of Review.

Defendants seek dismissal under Federal Rule Civil Procedure 12(b)(6). Doc. 5, at 1. In reviewing a Rule 12(b)(6) motion, the court "'must accept all

---

[3] All pages citations refer to this Court's CM/ECF pagination.

[4] Plaintiff does not explain what occurred after January 14, 2016.

the well-pleaded allegations [in the] complaint as true and must construe them in the light most favorable to . . . [P]laintiff.'" *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014) (citation omitted). To survive dismissal, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility . . . ." *Id.* (internal quotation marks and citation omitted).

## III. Defendants' Motion to Dismiss.

Defendants move for dismissal on two grounds: (1) lack of personal participation, and (2) failure to state a valid free-exercise claim. The undersigned addresses these arguments in reverse order and recommends the court deny the motion to dismiss on both grounds.

### A. Defendants' Request for Dismissal Based on Plaintiff's Failure to State a Valid Claim for Relief.

In large part, Defendants argue Plaintiff has failed to state a valid claim for relief. The undersigned disagrees.

Under the First Amendment's free-exercise clause, prisoners have a "constitutional right to a diet conforming to their religious beliefs." *Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002); *see also Makin v. Colo. Dep't*

3

*of Corr.*, 183 F.3d 1205, 1209 (10th Cir. 1999). To state a valid free-exercise claim, a prisoner must allege the official's failure to provide that diet "substantially burdened sincerely-held religious beliefs." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citation and ellipsis omitted).

Assuming Plaintiff's allegations as true, he requested a halal diet to accommodate his sincerely-held Muslim beliefs, but agreed to a kosher diet when told no halal diet was available. However, officials *did not* provide a kosher diet, and misled Plaintiff into believing he was eating kosher meals for approximately five days. Then, facing a Hobson's choice, Plaintiff refused meals for another four days. In all, Plaintiff lacked access to any religious diet for nine days, or at least twenty-seven meals. The undersigned finds these allegations state a plausible free-exercise claim. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1316-17 (10th Cir. 2010) ("It is a reasonable inference that [Oklahoma Department of Corrections'] failure to provide a halal diet either prevents Mr. Abdulhaseeb's religious exercise, or, at the least, places substantial pressure on Mr. Abdulhaseeb not to engage in his religious exercise by presenting him with a Hobson's choice—either he eats a non-halal diet in violation of his sincerely held beliefs, or he does not eat."); *Williams v. Wilkinson*, 645 F. App'x 692, 704-705 (10th Cir. 2016) ("The Complaint adequately alleges Mr. Williams[]request[ed] to exercise his

4

sincerely held religious belief by eating a kosher diet. And the Complaint further alleges that [prison officials] denied his requested accommodation. This is sufficient to satisfy the first step of a First Amendment free-exercise inquiry[5] and to survive a Rule 12(b)(6) motion.").

Defendants disagree, arguing Plaintiff has failed to allege a substantial burden as he was denied meals for only a short time. In other words, Defendants label Plaintiff's allegations as de minimis. Doc. 5, at 4-5. Defendants are correct that "isolated acts of negligence" are insufficient to substantially burden the free exercise of religion. *Gallagher v. Shelton*, 587 F.3d 1063, 1070 (10th Cir. 2009); *see also Watkins v. Donnelly*, 551 F. App'x 953, 960 (10th Cir. 2014) (holding a prisoner's lack of access to "three religious meals in one day" "was de minimis" and therefore did not substantially burden plaintiff's right to exercise his religion). However, Defendants' argument is unpersuasive for two reasons.

First, Plaintiff does not allege an "isolated" event; instead, he alleges a "flat denial of a [religious] diet" which is "actionable" as a substantial burden.

---

5        Once the plaintiff sufficiently alleges at step one "that a prison regulation substantially burdened sincerely-held beliefs," prison officials at step two may "'identify the legitimate penological interests that justified the impinging conduct,' and the court must apply a balancing test to determine the reasonableness of the regulation." *Williams*, 645 F. App'x at 704 (citation omitted). Here, Defendants did not identify any legitimate penological interests for the court. Doc. 5, *passim*.

*Strope v. Cummings*, 381 F. App'x 878, 882 (10th Cir. 2010); *see also McKinley v. Maddox*, 493 F. App'x 928, 933 (10th Cir. 2012) (reversing the district court's dismissal of plaintiff's free-exercise claim as "de minimis" in part because: "McKinley alleges more than an isolated . . . burden on his exercise of his sincerely-held religious beliefs: he claims he was intentionally denied the right to attend all church services . . . .").

Second, Plaintiff does not allege negligence. Indeed, he alleges Defendants *knew* they did not serve "Muslim food" yet they *intentionally* mislabeled his meals for five days and then refused to provide a halal or kosher meal for at least four more days. Under these circumstances, the undersigned cannot find the burden on Plaintiff's religious rights as "de minimis." *McKinley*, 493 F. App'x at 933 (reversing the district court's dismissal of plaintiff's free-exercise claim as "de minimis" in part because "McKinley alleged more than 'acts of negligence[,]'" he alleged officials "intentionally prevented him from attending . . . services").

In sum, Plaintiff has stated a plausible free-exercise claim based on Defendants' refusal to provide him a halal or kosher diet and the court should deny Defendants' motion to dismiss on this ground.

6

### B. Defendants' Request for Dismissal Based on a Lack of Personal Participation.

Defendants also seek dismissal based on a lack of personal participation. The undersigned agrees "[i]ndividual liability under § 1983 must be based on [the defendant's] personal involvement in the alleged constitutional violation." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013) (internal brackets omitted) (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)). However, the court should deny Defendants' motion to dismiss on this basis.

#### 1. Defendant Jay.

According to Defendants, "Plaintiff does not allege that Defendant Jay personally failed to provide him with religious meals, or provided false religious meals." Doc. 5, at 7. But Plaintiff *does* allege Defendant Jay knew the Beckham County Jail did not provide "Muslim food." Doc. 1, Att. 2, at 3. As Defendant Jay is the Beckham County Sheriff, Plaintiff's "individual-capacity claim against Sheriff [Jay] is predicated on a supervisory-liability theory." *Cox v. Glanz*, 800 F.3d 1231, 1248 (10th Cir. 2015).

"[I]n a § 1983 lawsuit, supervisory liability allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, or implements a policy which subjects, or causes to be subjected that plaintiff to

7

the deprivation of any rights secured by the Constitution." *Id.* (citations, brackets, quotation marks, and ellipses omitted). "A plaintiff arguing for the imposition of supervisory liability . . . must show an affirmative link between the supervisor and the constitutional violation." *Id.* (citation and quotation marks omitted). "The requisite showing of an affirmative link between a supervisor and the alleged constitutional injury has come to have three related prongs: (1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind." *Id.* (citations, brackets, and quotation marks omitted).

Under Oklahoma law, a county sheriff is in charge of the jail and its prisoners. *See* Okla. Stat. tit. 19 § 513; *id.* tit. 57, § 47. And, assuming Plaintiff's allegations are true: (1) Defendant Jay is the Beckham County Sheriff; and (2) he knew Beckham County Jail did not provide a religious diet that would accommodate the Muslim faith. So, the undersigned finds Plaintiff's allegations state a plausible claim of relief against Defendant Jay, in his individual capacity, under the supervisor-liability theory. *See Anderson v. Roberts*, No. 07-3275-JWL, 2008 WL 2098093, at *4 (D. Kan. May 19, 2008) (unpublished district court order) (holding where prisoner had sufficiently alleged official was responsible for prison policy and thus "exercised control and direction over the decision" involving religious

programs, plaintiff "had alleged an affirmative link between the actions of [the official] and the alleged constitutional deprivations").

### 2. Defendant Sheffield.

Defendant Sheffield seeks dismissal on grounds Plaintiff "makes no specific allegations against [her] at all." Doc. 5, at 5. The undersigned disagrees.

Plaintiff alleges Defendant Sheffield is the Supervising Correctional Cook. Doc. 1, Att. 2, at 2. Broadly reading Plaintiff's complaint, it is apparent Plaintiff believes Defendant Sheffield is the person responsible for mislabeling the non-kosher meals as kosher. *See id.* Att. 2, at 3 (alleging: "Kitchen staff eve[]n told custody officers to assure me that the meals I was receiving were [kosher] and kitchen staff went as far as labeling the tray[]s I was receiving with kosher labels"); *id.* (complaining he told officers: "I cannot eat the tray[]s they are offering me & to let the kitchen supervisor know that unless she start[s] giving me meals that do not violate any of my relig[iou]s beliefs, she is in fact violating my relig[iou]s rights."); *see also* Doc. 8, at 3; Doc. 12, at 3-4 (clarifying that allegations against the kitchen staff and kitchen supervisor are allegations against Defendant Sheffield). So, the undersigned recommends the court decline to dismiss Defendant Sheffield for lack of personal participation.

9

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the court deny Defendants' motion to dismiss, Doc. 5.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by the 12th day of December, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the court's referral to the undersigned Magistrate Judge. Should the court adopt the recommendation, the undersigned recommends a new referral for entry of an order for Special Report and/or for setting any necessary scheduling orders.

ENTERED this 22nd day of November, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE