IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ALEX MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIV-16-940-R |
| | ) | |
| **SCOTT JAY, Beckham County** | ) | |
| **Sheriff, and JENIFER SHEFFIELD,** | ) | |
| **Supervising Correctional Cook,** | ) | |
| **Beckham County Jail,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff, appearing *pro se*, filed this action alleging violation of his constitutional rights with regard to his detention in the Beckham County Jail. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On November 22, 2016, Judge Mitchell issued a Report and Recommendation wherein she recommended that the Defendants' Motion to Dismiss (Doc. No. 5) be denied. The matter is currently before the Court on Defendants' objection to the Report and Recommendation, giving rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Defendants' make specific objection. Having conducted this *de novo* review, the Court finds as follows.

Plaintiff alleges that upon his detention at the Beckham County Jail he requested a halal diet consistent with his faith. He alleges he was informed that halal diets were not available, and that he agreed to accept a kosher diet, which is considered a sufficient substitute. He contends that for a period of five days he ate meals he was told were kosher.

However, after that time he was informed the meals were in fact not kosher; someone mislabeled the meals to deceive him. Thereafter, for a period of four days, Plaintiff refused to eat because the food offered to him was not consistent with his religious beliefs. Thereafter Plaintiff contends that when he spoke to the sheriff about the issue, the sheriff stated no halal diets were available at the facility.

Defendants' motion to dismiss raised two issues, whether Plaintiff sufficiently alleged personal participation by the Defendants and whether Plaintiff alleged sufficient facts to state a claim. With regard to the alleged failure to state a claim, Defendants contend that even accepting as true Plaintiff's allegations that the deprivation of a kosher diet in lieu of a halal diet for a period of approximately nine days violated his rights, that any violation was *de minimis* and therefore they are entitled to dismissal.

This case presents a unique factual twist not present in the myriad of cases addressing deprivation of a religious diet during detention or incarceration, an allegation of deliberate deception on the part of jail personnel with regard to the food provided under the guise of complying with a religious diet. This Court concludes that this allegation, coupled with the duration of time during which Plaintiff alleges he was denied compliant food, is sufficient to state a claim, without regard to the issue of personal participation, that he was deprived of his rights under the First Amendment Free Exercise Clause. Providing an inmate with a non-compliant meal under the guise of its compliance could certainly constitute a substantial burden. Accordingly, the Court hereby adopts the Report and Recommendation to the extent it concludes that Plaintiff's factual allegations are sufficient

to support a claim that the failure to provide him with a kosher diet violated his First Amendment rights.

The Court finds, however, with regard to the issue of personal participation, that Plaintiff's Petition does not adequately allege facts to support his claim against Defendant Sheffield. Magistrate Judge Mitchell concluded that Plaintiff had sufficiently alleged personal participation by Defendant Sheffield. The Court concludes, however, that although Plaintiff references "she" and "her" in the Petition, that the failure to specify how Defendant Sheffield was involved and whether she was involved in the effort to mislabel the food as a kosher diet is not apparent from the petition, but that such deficiency can be cured by amendment to the petition. The Court declines to incorporate the more specific allegations set forth in response to the motion to dismiss. The shortcoming in the pleading, however, is not fatal to Plaintiff's claims. Rather, he may amend and add the necessary specifics in an effort to plead a claim against Defendant Sheffield. Accordingly, the Court hereby grants Plaintiff leave to amend his petition. An amended complaint shall be filed not later than February 21, 2017. Failure to file an amended complaint may result in dismissal of this action against Defendant Sheffield without further notice.

With regard to Defendant Jay, the Court concurs with the Report and Recommendation. According to the Petition, Sheriff Jay informed Plaintiff the Beckham County Jail did not have "Muslim food." Plaintiff further alleges that he informed Sheriff Jay that he had been misled into believing the meals he was receiving were part of a kosher religious diet. Taking the inferences in the light most favorable to the Plaintiff, the Court finds that Plaintiff has sufficiently alleged the personal participation of the Sheriff. When

he was booked into the facility, employees asked Plaintiff whether he required a diet to accommodate his religious beliefs. He responded affirmatively, however, under false pretenses the kitchen served him a non-conforming diet. The Sheriff, as the person in control of the Jail is responsible for the policies thereof and allegedly informed Plaintiff that the facility did not serve "Muslim food." Taken together these facts allege that the employees of the facility were aware of the need to provide diets to support religious accommodations but failed to do so, with the Sheriff's knowledge. However, because the Court has ordered Plaintiff to file an Amended Complaint, he may amend his allegations against Sheriff Jay should he so desire.

For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. Plaintiff is hereby granted leave to amend; his amended complaint shall be filed not later than February 21, 2017. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 18) is DENIED AS MOOT. This action was removed by Defendants who paid the filing fee, and accordingly, at this juncture there is no requirement that Plaintiff pay fees of any sort. Plaintiff's Motion for Summary Judgment (Doc. No. 20) is DENIED AS PREMATURE. Plaintiff's Motion to Appoint Counsel is hereby referred to Judge Mitchell for consideration on the merits. The Report and Recommendation is adopted to the extent it is consistent with this Order.

IT IS SO ORDERED this 27th day of January, 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE